UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

MICHAEL STEVEN LOPEZ CANO,

                              Plaintiff,      **ORDER**

   -against-

                                        22 Civ. 7428 (AKH)

THOMAS DECKER, Director, New York Field
Office of U.S. Immigrations and Customs
Enforcement, et al.

                            Defendants.

------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

       Petitioner Michael Steven Lopez Cano filed an application for a writ of habeas corpus requiring Respondent to release him upon his own recognizance or, in the alternative, ordering Respondents to, within seven days of this order, hold a hearing at which the Government must bear the burden of establishing by clear and convincing evidence that Petitioner poses a risk of flight or danger to the community. Petition for Writ of Habeas Corpus ("Habeas Petition"), ECF No. 1. Petitioner argues that in allocating the burden of proof to Mr. Lopez Cano to prove that he was not a flight risk or a danger to the community, the Immigration Judge ("IJ") violated his due process rights under the Fifth and Fourteenth Amendments of the Constitution, the Immigration and Nationality Act ("INA"), and the Administrative Procedures Act ("APA"). Petitioner additionally brings a Rehabilitation Act claim, asserting that Respondents failed to provide him with reasonable accommodation for a disability. The Government opposes the Habeas Petition, first, because Petitioner was provided a bond hearing which comports with due

process; second, because the Government does not bear the burden of proof in a 1226(a) hearing under either the APA or the INA; and third, because Petitioner has failed to plausibly allege discrimination on the basis of his disability.  I find that Petitioner's bond hearing did not comply with due process requirements.  This case is remanded to the Immigration Judge for an individualized bond hearing to take place within seven days of re-detention by ICE, with the burden placed on the Government to prove by clear and convincing evidence that Petitioner poses a flight risk or danger to the community to justify his continued detention.

### I. FACTUAL BACKGROUND

Petitioner is an 18-year-old citizen of Guatemala.  Petition at 1.  He arrived in the United States with his mother and sister in approximately December 2018, when he was 14 years old, and has resided in Brooklyn, New York since then.  *Id.*  In March 2022, Petitioner was arrested in Brooklyn, New York and charged with the following criminal offenses: attempted murder in the second degree, in violation of New York Penal Law (NYPL) §110/125.25(1); assault in the first degree, in violation of NYPL § 120.10(1); attempted assault in the first degree, in violation of NYPL §110/120.10(1); assault in the second degree, in violation of NYPL §120.05; and, criminal possession of a weapon in the fourth degree, in violation of NYPL §265.01(2).. *Id.* at 10.  He was detained in the custody of the New York City Department of Correction ("NYC DOC") at Rikers Island jail for approximately one month.  *Id.* at 11.  During that time, Petitioner attempted suicide by hanging, and he has since been diagnosed with Post-Traumatic Stress Disorder ("PTSD") and Major Depressive Disorder.  *Id*.  Petitioner was arraigned on March 23, 2022.  *Id.*  He entered a plea of not guilty, and bail was set.  *Id.*  Petitioner posted bail and was released from custody on or about April 19, 2022.  *Id*.  The criminal case is pending.

On May 5, 2022, ICE arrested Petitioner pursuant to its discretionary authority under 8 U.S.C. § 1226(a), and detained him at Orange County Jail in Goshen, New York. *Id.* The next day, Petitioner's removal case was transferred to Varick Street Immigration Court. *Id.* Petitioner conceded the charge of removability on June 13, 2022, and applied for asylum, withholding of removal, and protection under the Convention Against Torture in his immigration proceeding. *Id.* On June 14, 2022, Petitioner requested a review of ICE's custody determination. *Id.* On or about July 25, 2022, ICE transferred Petitioner to Adams County Correctional Center in Natchez, Mississippi. *Id.* at 13. Petitioner's bond hearing was held on August 15, 2022; at the hearing, the IJ required Petitioner to bear the burden of proof to establish that he was not a danger to the community or a flight risk. *Id.* at 12. The IJ denied bond, finding that he had failed to satisfy his burden of proof, based on the indictment and criminal charging document from Kings County Supreme Court. *Id.* at 12-13.

On August 18, 2022 the Kings County District Attorney's Office filed a writ of habeas corpus ad prosequendum, asking that ICE transfer Petitioner to the Kings County District Attorney's Office investigator and then to the custody of NYC DOC for the pendency of his criminal case. *Id.* at 15. On August 30, 2022, pursuant to the writ, ICE transferred Petitioner to the custody of the NYC DOC.

Petitioner's removal case is pending. On August 24, 2022, the Kings Country Family Court granted his Guardianship Petition, appointing his mother as his legal guardian until he turns 21. *Id.* at 13. The court additionally granted his Motion for Special Findings, finding facts sufficient to make Petitioner eligible to apply for Special Immigrant Juvenile status (a type of

nonimmigrant visa). *Id.*; *see* 8 U.S.C. § 1101(a)(27)(J).[1]  The Immigration Court has not yet held a hearing on Petitioner's claims for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.*

## II.     DISCUSSION

### a.  Due Process

"It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).  Due process requires that noncitizens receive a full and fair hearing that "provides a meaningful opportunity to be heard." *Nolasco v. Holder*, 637 D.3d 159, 163 (2d Cir. 2011).  In *Matthews v. Eldridge*, the Supreme Court held that courts must consider: (1) the private interest affected by government action; (2) the risk of "erroneous deprivation" of the private interest "through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) the government's interest and its "fiscal and administrative burdens that the additional or substitute procedural requirement[s] would entail." *Mathews v. Eldridge*, 424 U.S. 319, 355 (1976).

Petitioner argues that, by allocating the burden of proof to Petitioner to prove that he was not a flight risk or a danger to the community, the IJ violated his due process rights.  Meanwhile, the Government argues that Petitioner's bond hearing was consistent with due process.

This Court previously considered this very issue in *Gonzalez Evangelista v. Decker*, No. 20 Civ. 8758 (AKH), 2021 WL 101201, at *3-5 (S.D.N.Y. Jan. 12, 2021).  In that case, Petitioner filed a habeas petition challenging the constitutional adequacy of his initial bond

---

[1]     Specifically, the court found: (1) that Mr. Lopez Cano is under 21 years old; (2) that he is unmarried; (3) that his father abandoned and neglected him; (4) that he has been declared dependent on a juvenile court by the court assuming jurisdiction of the guardianship petition; and (5) that it is not in his best interest to return to Guatemala. Petition at 13.

hearing, at which the IJ placed the burden of proof on Petitioner to prove that he was not a flight risk or a danger to the community. *Id*. at *1. I held that, in consideration of the *Mathews* factors, the burden of proof in bond hearings should be placed on the Government. *Id.* at *3-4. I further held that the burden of proof at such a hearing is "clear and convincing evidence." *Id.* at *4. My reasoning in *Evangelista* applies here. At a 1226(a) bond hearing, the Government bears the burden of proof of demonstrating by clear and convincing evidence that the noncitizen is a flight risk or a danger to the community. The "overwhelming majority" of courts in this District have consistently held the same. *See Linares Martinez v. Decker*, No. 18-CV-6527 (JMF), 2018 WL 5023946, at *5 (S.D.N.Y. Oct. 17, 2018); *see also Velasco-Lopez v. Decker*, 978 F.3d 842, 851-54 (2d Cir. 2020); *Banegas v. Decker*, No. 21 Civ. 2359 (VEC), 2021 WL 1852000, at *2-3 (S.D.N.Y. May 7, 2021) (collecting cases).

The Government, recognizing that the present case presents the same question of law raised in *Evangelista*, declined to fully brief the issue, and instead incorporated by reference its arguments from that case. *See* Mem. in Opp., at 5. I find the Government's arguments in *Evangelista* no more convincing today than I did in 2021. *See Evangelista*, 2021 WL 101201, at *3-5.

The Government additionally submits that there are several facts distinguishing Petitioner from Petitioner in *Evangelista*, and argues that these differences should result in a finding that Petitioner's hearing was consistent with due process. First, the Government notes that Petitioner has been in detention for approximately seven months (roughly four months in ICE's direct custody, and three months in NYC DOC's direct custody), while the Petitioner in *Evangelista* had been detained for eleven months at the time of that decision. However, the right to a procedurally proper bond hearing does not depend on the length of a petitioner's detention. *See*

*Quintanilla v. Decker*, No. 21 Civ. 417 (GBD), 2021 WL 707062, at *3 (S.D.N.Y. Feb. 22, 2021) ("[T]his Court joins the overwhelming consensus of judges in this District in concluding that the Government should bear the burden to deny liberty at any Section 1226(a) bond hearing, regardless of the noncitizen's length of detention.") (cleaned up); *Reyes v. King*, No. 19 Civ. 8674 (KPF), 2021 WL 3727614, at *7 n.7 (S.D.N.Y. Aug. 20, 2021) (noting "the overwhelming consensus of courts in this District that [due process] requires the Government to bear the burden to justify continued detention of a noncitizen who is detained pursuant to § 1226(a), even absent 'prolonged detention.'") (cleaned up).

Second, the Government notes that Petitioner, unlike Petitioner in *Evangelista*, has been charged by the State of New York with violent crimes, and is subject to pre-trial detention in his criminal case absent meeting his bail conditions. The Government cites to no authority indicating that the burden of proof at a bond hearing should change in the event of pending criminal charges, and I see no reason why such charges should affect my analysis of the burden of proof under *Matthews*. Petitioner's private interest in liberty, the risk of erroneous deprivation of that liberty, and the burden on the Government remain the same regardless of any pending criminal charges. *See Velasco Lopez v. Decker*, 978 F.3d 842, 856 (2d Cir. 2020) (upholding a "clear and convincing" standard without distinction between individuals detained with or without criminal charges).

Finally, the Government argues that Petitioner's private interest in his liberty is less potent than that of the petitioner in *Evangelista* because the challenges of the pandemic are different now than they were in 2021. I disagree. Pandemic or not, so long as Petitioner is being held in a penal institution, his private interest in liberty is great.

In sum, Petitioner's detention has been illegal because the Government should have had the burden of proof at his initial bond hearing. Should ICE reassume custody of Petitioner, there should be another bond hearing, and the Government must assume the burden of proving him a flight or safety risk by "clear and convincing evidence."[2]

### b. Rehabilitation Act

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), "prohibits programs and activities receiving federal financial assistance from excluding, denying benefits to or discriminating against 'otherwise qualified' individuals with a disability." *Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189, 196 (2d Cir. 2014). To assert a claim under the Rehabilitation Act, a plaintiff must demonstrate that "(1) he is a qualified individual with a disability; (2) the defendant is subject to [the Act]; (3) he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

The parties do not dispute Petitioner's status as a "qualified individual with a disability" under the Act. The term "disability" extends to "[a]ny physiological disorder or condition," "[m]ajor depressive disorder," and "post-traumatic stress disorder." 28 C.F.R. § 35.108. There is also no dispute that DHS and ICE are executive agencies within the meaning of the Act. However, the Habeas Petition lacks allegations sufficient to give rise to any inference that DHS or ICE discriminated against Petitioner because of his disability. Petitioner has therefore failed to plausibly allege that he was "denied the opportunity to participate in or benefit from the

---

[2] At such a hearing, the IJ must meaningfully consider Petitioner's ability to pay and alternatives to detention, such as release on parole supervision or electronic monitoring. *See Hernandez v. Decker*, No. 18-CV-5026 (ALC), 2018 WL 3579108, at *12 (S.D.N.Y. July 25, 2018) (holding that due process requires "consideration of ability to pay and alternatives to detention[.]").

defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability." Accordingly, I decline to award relief under the Rehabilitation Act.

### III.   CONCLUSION

Petitioner's habeas petition is granted.  Upon re-detention by ICE, Petitioner must be released unless, within seven days of such re-detention, Petitioner is found by clear and convincing evidence, proved by the Government to an Immigration Judge, that Petitioner poses a risk of flight or danger to the community.  The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   December 12, 2022　　　　　　　　　　　　　　/s/ Alvin Hellerstein
　　　　　New York, New York　　　　　　　　　　　ALVIN K. HELLERSTEIN, U.S.D.J.